# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORGAN ROGERS o/b/o M.G.R., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-24-826-SM |
| MARTIN O'MALLEY Commissioner of Social Security, | ) ) ) ) ) |
| Defendant. | ) |

## REPORT & RECOMMENDATION

Plaintiff, represented by counsel, initiated this action to appeal the Social Security Commissioner's denial of benefits. Doc. 1.[1] Plaintiff has applied for leave to proceed in forma pauperis, that is, without prepayment of fees and costs, under 28 U.S.C. § 1915. Doc. 2. For the following reasons, the undersigned recommends the Court deny Plaintiff's in forma pauperis application.

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Discussion.

Upon initiation of this suit, Plaintiff applied to proceed in forma pauperis under 28 U.S.C. § 1915. Doc. 2. The filing fee in civil cases is $405.00.[2]

Plaintiff's in forma pauperis application reveals: (1) she is self-employed by Grace Counseling, LLC; (2) her take-home wages are $3,000.00 a month; (3) she earns $1,200.00 a month in mineral dividends and $1,666.67 a month in "rent from farms"; (4) she has $3,000.00 in a checking or savings account; (5) she owns a 2013 Ford Escape, her "personal home," and "approx. 400 acres of farmland over 3 states, leased + contracted"; (6) her monthly expenses are $700.00 for utilities, an unspecified amount for "insurance(s)," an unspecified payment for school loans, and an unspecified payment for $10,000.00 of medical debt; (7) she is the guardian and sole supporter of M.G.R.; (8) she has $15,000.00 in credit card debt. *Id.* at 1-2.

Proceeding in forma pauperis "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). And the Court evaluates "an application to proceed *in forma pauperis* . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008). Here, "the documentation

---

[2]   The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

Plaintiff has provided does not indicate an inability to pay the required filing fee." *Raynor v. Wentz*, 357 F. App'x 968, 969 (10th Cir. 2009).

The Court notes that Plaintiff has ample funds to pay the filing fee in her bank account. So, the record establishes that Plaintiff has sufficient funds to pay both for the necessities of life and for those lawsuits that she deems important and that her allegation of poverty, without more, does not accurately characterize her situation. Plaintiff's "own financial disclosure form shows that [s]he has funds available to pay the necessary fees," specifically, the $3,000.00 in her bank account. *Burns v. United States*, 345 F. App'x 328, 329 (10th Cir. 2009). "While this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend," the Court finds Plaintiff could spend her discretionary funds on filing fees if she desires. *Lewis v. Ctr. Mkt.*, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010). And Plaintiff "has given us no indication" that such a determination is incorrect. *Burns*, 345 F. App'x at 329.

The undersigned thus recommends the Court deny Plaintiff's in forma pauperis application. Should this recommendation be adopted, the undersigned further recommends the case be dismissed without prejudice unless Plaintiff pays the full filing fee within twenty-one days of that order. *See* LCvR3.3(e).

## II.     Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Plaintiff's in forma pauperis application.

The undersigned advises Plaintiff of her right to file an objection to this report and recommendation with the Clerk of this Court on or before August 28, 2024, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises Plaintiff that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**ENTERED** this 14th day of August, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE