**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MORGAN ROGERS O/B/O M.G.R.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-826-G** |
| | ) | |
| **FRANK J. BISIGNANO,** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.**[1] | ) | |

**ORDER**

Now before the Court is Plaintiff Morgan Rogers o/b/o M.G.R.'s Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 25), filed through Plaintiff's counsel Lisa McNair Palmer. The Commissioner has responded that he takes no position on Plaintiff's request. *See* Def.'s Resp. (Doc. No. 26) at 1-2.

On January 17, 2025, the Court entered a Judgment remanding the Commissioner's denial of Plaintiff's applications for disability insurance benefits and supplemental security income for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 21). On remand, the Social Security Administration issued a favorable decision on Plaintiff's applications and found that Plaintiff was entitled to monthly benefits beginning in June of 2021 until the date of the applicant's death. *See* Pl.'s Mot. at 2; *id.* Ex. 1 (Doc. No. 25-1). The Commissioner's notice indicates that Plaintiff is

---

[1] The current Commissioner is substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

entitled to past-due benefits in the amount of $60,976.00 and that $15,244.00—i.e., 25%—of those past-due benefits is being withheld for payment to Plaintiff's representatives. *See* Pl.'s Mot. at 2 & n.1; *id.* Ex. 1, at 1; Pl.'s Mot. Ex. 5 (Doc. No. 25-5). The notice also reflects that $7500.00 of the withheld funds shall be paid to Plaintiff's agency representative. *See* Pl.'s Mot. Ex. 5, at 1; Pl.'s Mot. at 2; *see also* 42 U.S.C. § 406(a).[2]

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the

---

[2] "[W]hile the Commissioner may withhold up to 25% of past-due benefits for attorney fees, 'the agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text'" of 42 U.S.C. § 406, "'which differentiates between agency representation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits.'" *Harris v. Comm'r of the Soc. Sec. Admin.*, No. CIV-22-94-STE, 2025 WL 4114172, at *3 n.2 (W.D. Okla. Oct. 28, 2025) (alterations omitted) (quoting *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019)); *see also Soc. Sec. Admin. Programs Operations Manual* GN 03920.055 (Jan. 4, 2023).

successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

In her Motion, Plaintiff's counsel requests a fee award of $7744.00, which is the remaining amount withheld by the Commissioner after payment to Plaintiff's agency representative. *See* Pl.'s Mot. at 2; *id.* Ex. 5, at 1. As referenced by the Commissioner, however, the Court previously awarded $5300.00 in attorney's fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Def.'s Resp. at 2; Order of Apr. 4, 2025 (Doc. No. 24). If fees are now awarded pursuant to § 406(b) Plaintiff's counsel must refund the lesser EAJA award to Plaintiff. *See* Def.'s Resp. at 2; Order of Apr. 4, 2025, at 2; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

Having carefully reviewed the parties' submissions, the Court finds that an award of $7744.00 is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Ms. McNair Palmer filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's claims. *See* Doc. No. 14. Rather than respond, the Commissioner sought remand of this case for further administrative proceedings. *See* Doc. No. 19.

Ms. McNair Palmer represents that she spent 22.7 hours litigating Plaintiff's disability case in federal court, which would result in an effective hourly rate of $341.15 with respect to the requested § 406(b) fee. *See* Pl.'s Mot. at 7; *id.* Ex. 6 (Doc. No. 25-6); *see also Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and

3

other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"). As Plaintiff's past-due benefit award is significant, and Plaintiff and Ms. NcNair Palmer agreed that the latter may collect attorney's fees for representation before the Court in the amount of the currently pending request, the Court finds the unopposed request reasonable under the circumstances of this case. *See* Pl.'s Mot. Ex. 3 (Doc. No. 25-3); *cf. Harris*, 2025 WL 4114172, at *2 & n.1 (approving § 406(b) fee award where putative rate was $1159.42 per hour).

CONCLUSION

Accordingly, Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 25) is GRANTED. Plaintiff's attorney Lisa McNair Palmer is awarded attorney's fees in the amount of $7744.00, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. § 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Lisa McNair Palmer, PO Box 691865, Tulsa, Oklahoma, 74169. Upon payment, Ms. McNair Palmer shall promptly refund to Plaintiff the $5300.00 previously awarded under 28 U.S.C. § 2412. *See* Order of Apr. 4, 2025, at 2; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 30th day of June, 2026

_____
CHARLES B. GOODWIN
United States District Judge